UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS                                    CRIMINAL ACTION

TYRONE SMITH                              NUMBER 12-133-JJB-SCR

### **NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, August 6, 2014.

                                    /s/ Stephen C. Riedlinger
                                    STEPHEN C. RIEDLINGER
                                    UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS                                          CRIMINAL ACTION

TYRONE SMITH                                    NUMBER 12-133-JJB-SCR

**MAGISTRATE JUDGE'S REPORT**

Before the court is the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed by petitioner Tyrone Smith. Record document number 324.

For the reasons which follow, the petitioner's § 2255 motion should be denied.

**I. Procedural History**

On September 25, 2013, the petitioner pled guilty to one count Conspiracy to Distribute and to Possess with the Intent to Distribute Cocaine in violation of 21 U.S.C. § 846. On January 9, 2014, the petitioner was sentenced to imprisonment for a term of 60 months. Petitioner did not appeal his conviction or sentence.

Petitioner signed his § 2255 motion in May 2014, and it was filed on June 9, 2014. Petitioner asserted that he was denied effective assistance of counsel and relied on the decisions in *Lafler v. Cooper*, ___ U.S. ___, 132 S.Ct. 1376 (2012) and *Missouri v. Frye*, ___ U.S. ___, 132 S.Ct. 1399 (2012) in support

of his ineffective assistance of counsel claim.

Petitioner's § 2255 motion was filed timely. No evidentiary hearing is required.

## II. Applicable Law and Analysis

### A. Grounds for § 2255 Motion

There are four grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; and, (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *Hill v. United States*, 368 U.S. 424, 426-27, 82 S.Ct. 468, 470-71 (1962).

### B. Ineffective Assistance of Counsel

In Grounds One and Two, the petitioner argued that he was denied effective assistance of counsel but offered no factual basis to support his claim.

To obtain relief based upon a claim of ineffective assistance of counsel, the petitioner must show "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984). To prove deficient performance the petitioner must demonstrate that counsel's actions "fell below an objective

2

standard of reasonableness." *Id.*, at 688, 104 S.Ct. at 2064. To prove prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.*, at 694, 104 S.Ct. at 2068, and that "counsel's deficient performance render[ed] the result of the trial unreliable or the proceeding fundamentally unfair." *Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, 844 (1983).

The same test applies when a petitioner alleges ineffective assistance of counsel in the context of a guilty plea. *Hill v. Lockhart*, 474 U.S. 52, 58, 106 S.Ct. 366, 370 (1985). To satisfy the second prong of this test, the petitioner must show that "there is reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59, 106 S.Ct. at 370. To meet the prejudice prong, the defendant must affirmatively prove, and not merely allege, prejudice. *Bonvillain v. Blackburn,* 780 F.2d 1248, 1253 (5th Cir. 1986).

A defendant must satisfy both prongs of the *Strickland* test to succeed on an ineffective assistance of counsel claim. *See Strickland*, 466 U.S. at 697, 104 S.Ct. at 2069. A court is not required to address these prongs in any particular order. *Id*. If it is possible to dispose of an ineffective assistance of counsel claim without addressing both prongs, "that course should be

followed." *Id*.

In *Lafler* and *Frye*, the Supreme Court clarified the applicability of the Sixth Amendment right to effective assistance of counsel to the plea bargaining process. In *Lafler*, the Court affirmed that the *Strickland* test applies to ineffective assistance of counsel claims when counsel's ineffective advice causes a defendant to reject a favorable plea offer, and the defendant is subjected to a less favorable outcome in further trial proceedings. 132 S.Ct. at 1383. In *Frye*, the companion case, the Court affirmed that the *Strickland* test applies to ineffective assistance of counsel claims arising from counsel's failure to communicate a plea offer before it expires. 132 S.Ct. at 1408-10.

Petitioner did not alleged any facts which could show that the holdings in *Lafler* or *Frye* are applicable in this case. Petitioner did not allege that counsel failed to inform him of any plea offer or failed to provide him with accurate advice which caused him to reject a favorable plea offer.[1] Petitioner's bald, unsupported allegation that he was denied effective assistance of counsel during plea negotiations is insufficient to create a factual issue regarding whether the petitioner was denied his constitutional right to effective assistance of counsel.

---

[1] Petitioner pled guilty pursuant to a Plea Agreement. Record document numbers 156 and 159.

4

**RECOMMENDATION**

It is the recommendation of the magistrate judge that the petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody be denied.

Baton Rouge, Louisiana, August 6, 2014.

*[signature: Stephen C. Riedlinger]*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE